**SPOKANE SCHOOL DISTRICT NO. 81, a Washington non-profit corporation, Plaintiff—Appellant,**

v.

**NORTHWEST BUILDING SYSTEMS, INC., an Idaho corporation; Nordyne, Inc., a Missouri corporation, Defendants—Appellees.**

No. 06–35308.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 6, 2007.

William E. Pierson, Jr., Esq., Seattle, WA, for Plaintiff–Appellant.

Andrew Charles Bohrnsen, Esq., Bohrnsen & Stowe PS, Steven Robert Stocker, Esq., Stamper Rubens Stocker & Smith PS, Spokane, WA, for Defendants–Appellees.

Before: REINHARDT and PAEZ, Circuit Judges, and STROM, District Judge.*

MEMORANDUM **

This matter is on appeal from a judgment entered in favor of Northwest Building Systems, Inc. ("NBS") and Nordyne, Inc. ("Nordyne") after a full trial on the merits before Magistrate Judge Michael Leavitt. We review for clear error findings of fact made after a bench trial. *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 384 (9th Cir.1994); *see* Fed. R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."). The clear error standard "is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed' before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir.2004) (quoting *McClure v. Thompson*, 323 F.3d 1233, 1240 (9th Cir.2003)). We review a trial court's evidentiary rulings for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 141–42, 118 S.Ct.

* The Honorable Lyle E. Strom, Senior United States District Judge for the District of Nebraska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

512, 139 L.Ed.2d 508 (1997). After careful review of the record, the briefs of the parties, and the oral arguments of counsel, we affirm.

Spokane argues variously that the wrong building code was applied in this case, that Nordyne violated the Washington Products Liability Act, Wash. Rev. Code § 7.72.030(1), by not affixing a sticker to the heating unit, that NBS was liable for defective construction, and that both NBS and Nordyne violated the Washington Consumer Protection Act, Wash. Rev. Code. § 19.86.020. In Judge Leavitt's well written opinion, each of the findings of fact and conclusions of law challenged by Spokane are supported by detailed reference to the trial evidence. Similarly, a review of the record and the applicable law reveals that the court did not abuse its discretion when it concluded that good grounds existed to establish the trustworthiness of the testimony of NBS's expert.

There being no reversible error, the district court's judgment is AFFIRMED.